UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 09-10815-RWZ

WILLIAM F. CUNNINGHAM

v.

JOHN E. POTTER, and
UNITED STATES POSTAL SERVICE

MEMORANDUM OF DECISION

March 28, 2011

**ZOBEL, D.J.**

Plaintiff William F. Cunningham ("Cunningham") brings this pro se action against the United States Postal Service and John E. Potter, its Postmaster General. He contends that defendants violated his rights under Section 501 of the Rehabilitation Act of 1973, 29 U.S.C. §§ 791-794a et seq. ("Rehabilitation Act"), when it transferred him from one post office location to another without accommodating his disability. Both parties have moved for summary judgment.

**I.     Facts**

Plaintiff was hired by the U.S. Postal Service on May 5, 2001, as a Letter Carrier in the Boston District. On September 3, 2003, he was injured on the job when a cart fell and hit him. In 2004, he fell at home and aggravated his injury. As a result, he was not able to return to work until January 22, 2005. Upon his return to work, plaintiff was offered modified assignment duty with the Belmont Post Office. This assignment

required him to answer telephone calls, file documents, order supplies and perform data entry. He performed these functions for several months until October 7, 2005, when he stated that he was in too much pain to work, and he stopped reporting for work.

In September 2006, plaintiff was again placed on a limited duty job assignment but this time at the Arlington Post Office. On November 2006, he was instructed to return to the Belmont Post Office. Citing a lack of reasonable public transportation, he declined to return. In April 2007, the transportation issue was resolved, and plaintiff accepted the Belmont assignment in which his duties were to answer telephone calls for four hours per day.

## II.  Analysis

A party is entitled to summary judgment if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. Summary judgment is appropriate when the plaintiff fails to establish sufficient evidence to establish an essential element of his case, on which he bears the burden of proof at trial. See Cleveland v. Policy Management Systems Corp., 526 U.S. 795, 805-806 (1999), citing Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

Plaintiff's sole claim is under Section 501 of the Rehabilitation Act. To prevail on this claim, he must establish that (1) he suffers from a "disability" within the meaning of the statute; (2) he is a "qualified individual," i.e. that he is able to perform the essential functions of the job, either with or without reasonable accommodation; and (3) despite

2

its knowledge of the disability, the employer did not offer a reasonable accommodation. See Calero-Cerezo v. United States Dep't. of Justice, 355 F.3d 6, 20 (1st Cir. 2004).

The gravamen of plaintiff's claim here is that his transfer from Arlington to Belmont failed to reasonably accommodate his disability. Standing alone, this allegation does not establish a violation of the Rehabilitation Act. Courts have recognized that an employer's "decision to reject an accommodation based on [the employee's] commute does not demonstrate a disregard for its obligations under the ADA."[1] Kvorjak v. Maine, 259 F.3d 48, 53 (1st Cir. 2001). See also Lane v. Potter, 699 F.Supp.2d 358, 363 (D. Mass. 2010) (same); Salmon v. Dade County School Board, 4 F.Supp.2d 1157, 1163 (S.D. Fla. 1998) ("[w]hile an employer is required to provide reasonable accommodations that eliminate barriers in the work environment, an employer is not required to eliminate those work barriers that exists outside the work environment" such as a commute to and from work) (emphasis in original). Defendants offered a reasonable accommodation in the form of sedentary work. More is not required by the Rehabilitation Act.

Accordingly, plaintiff's complaint fails to establish an act of discrimination by the defendants.

### III. Conclusion

Defendants' Motion for Summary Judgment (Docket # 29) is ALLOWED. Plaintiff's motion (Docket # 32) is DENIED. Judgment may be entered accordingly.

---

[1] Courts have recognized that "the caselaw construing the ADA generally pertains equally to claims under the Rehabilitation Act." Calero-Cerezo, 355 F.3d at 19.

March 28, 2011                                /s/Rya W. Zobel            
              DATE                                  RYA W. ZOBEL
                                          UNITED STATES DISTRICT JUDGE